## OCTAVIUS PICKERING vs. LORENZO SHEARER.

In an action of trespass for breaking and entering a close, described in the writ as bounded on a highway, and cutting down trees, there was evidence of a public use of the way, and conflicting testimony upon the question whether its location included the trees, but no record of its location was shown. The judge declined to instruct the jury that any act committed within the line of the highway would not be a trespass described in the writ; but instead thereof instructed them that they should exclude every part of the highway as not coming within the premises described in the writ, and, in the absence of record evidence of a location, might consider the evidence of user by the public in connection with the other evidence in ascertaining the boundaries, and that as a general principle the right acquired by user would be commensurate with the way actually used. *Held*, that the defendant had no ground of exception.

ACTION OF TORT for breaking and entering the plaintiff's close in Palmer, and cutting down shade trees growing thereon along a highway forming the south boundary thereof.

At the trial in the court of common pleas in Hampden before *Aiken*, J., a witness called by the plaintiff stated that the highway was laid out four rods wide, and that the fence on the south side of the road and opposite the *locus* had been moved into the highway. A witness called by the defendant stated that the fence had not been so moved; but that four rods northerly of that fence would extend the line of the highway beyond the line of trees. There was no record evidence of the location of the road; but it appeared to have been a way there used by the public for many years. Between the row of trees and the travelled part of the highway was a railing for a part of the distance along the line of the trees cut, and the public travel went between this railing and the fence aforesaid, which were about two rods apart.

The defendant asked the court to instruct the jury "that inasmuch as the plaintiff had bounded the premises southerly on the highway, any trespass, which they might find to have been committed, south of the north line of the highway as laid out, would not be by legal intendment a trespass described in the plaintiff's writ."

The court declined in terms so to instruct the jury; but instead

thereof did instruct them " that they should exclude the whole and every part of the highway, as not coming within the premises described in the plaintiff's writ; that, in the absence of record evidence of location, they might consider the evidence of user by the public, in connection with the other evidence in the case, in ascertaining the boundaries of the road ; and that as a general principle the right acquired by user would be commensurate with the way actually used and enjoyed by the public; but that it was competent for the jury to find, if the evidence required it, that the boundaries of the way extended beyond the wrought or travelled part thereof, and that the burden was upon the plaintiff to prove a trespass upon the land described in the writ, and without the limits of the highway." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. W. Bond,* for the defendant.
*W. G. Bates,* for the plaintiff.

By the Court.                              *Exceptions overruled.*